NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 1 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOYCE MITCHELL, | No. 20-17381 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-03595-JSC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Argued and Submitted December 10, 2021
San Francisco, California

Before: GOULD and COLLINS, Circuit Judges, and EZRA,[**] District Judge.

Appellant Joyce Mitchell ("Appellant") applied for Social Security

Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") in

July 2015, claiming she was unable to work due to her physical and mental

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

impairments.  Appellant's claims were initially denied on April 11, 2016, and were denied upon reconsideration on July 29, 2016.  Appellant then requested a hearing, which took place before Administrative Law Judge Arthur Zeidman (the "ALJ") on September 12, 2017.  After determining Appellant's residual functional capacity and finding that her mental impairments were non-severe, the ALJ concluded Appellant was not entitled to disability benefits.  Magistrate Judge Corley affirmed the ALJ's decision, and Appellant then filed the present appeal.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and reviews the magistrate judge's decision affirming the ALJ's denial of benefits *de novo*. *See Webb v. Barnhart*, 433 F.3d 683, 685–86 (9th Cir. 2005).

Appellant does not challenge the ALJ's finding that her physical impairments do not prevent her from performing past relevant work as a caretaker and home attendant.  Appellant argues, however, that the ALJ's decision to deny disability benefits for her mental impairments—post-traumatic stress disorder ("PTSD") and anxiety—was not supported by substantial evidence.  We agree.

Appellant watched her father murder her mother by strangulation when she was just four years old.  As a result, Appellant suffers from significant emotional issues.  However, despite its prominence in the record, this traumatic childhood experience is not mentioned at all in the ALJ's decision denying Appellant's claim for benefits.  Instead of considering evidence of Appellant's childhood trauma and

resulting limitations, the ALJ relied almost exclusively on Dr. Aparna Dixit's consultative examination report from which Appellant's childhood trauma is entirely absent.[1]

Substantial evidence exists where there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (cleaned up) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).  Because the ALJ relied on Dr. Dixit's opinion—which was based on a one-time examination of Appellant and failed to mention or consider Appellant's traumatic history or PTSD[2]—the Court concludes that the ALJ's holding as to Appellant's mental impairments is not supported by substantial evidence.  The Court therefore vacates the ALJ's decision and remands for further proceedings so that the described deficiency may be cured.

**VACATED AND REMANDED.**

---

[1] While the ALJ purportedly afforded the opinions of state agency medical consultants Andres Kerns and Anna Franco "substantial weight," he did so only because the two consultants gave Dr. Dixit's report great weight.  Thus, the ALJ's decision remains dependent on the adequacy of Dr. Dixit's examination opinion.

[2] The cursory nature of Dr. Dixit's four-page report is also evidenced by her failure to accurately report other background information like the number of Appellant's children who were still alive and who were living with her.

3